UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
JOHNNY RAY CHANDLER, SR.,           )
                                   )
            Plaintiff,              )
                                   )
      v.                            )      Civil Action No. 16-2080 (BAH)
                                   )
FEDERAL BUREAU OF PRISONS, *et al.*,)
                                   )
            Defendants.             )
_____ )

**MEMORANDUM OPINION**

This matter is before the Court on the defendants' Motion to Dismiss, ECF No. 4. For the reasons discussed below, the Court grants the motion.

**I. Background**

At all times relevant to the Complaint, the plaintiff was in the custody of the Federal Bureau of Prisons ("BOP") and designated to the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). The plaintiff claimed to have proposed marriage to Susan Stover, his Unit Manager, by submitting a "cop-out," or Inmate Request to Staff, on January 29, 2014. *See* Compl., ECF No. 1-1, at 1-2. Ms. Stover responded by filing an incident report charging the plaintiff with a disciplinary offense: Code 206, Making a Sexual Proposal. *Id*. at 2. A disciplinary hearing took place on February 12, 2014 over which Angelo Jordan presided. *Id*. "Defendant Jordan . . . found [the plaintiff] guilty of the charge," *id*., and imposed sanctions, *see id*., Ex. B (Disciplinary Hearing Officer Report) at 4.

On July 20, 2016, in the Superior Court of the District of Columbia, the plaintiff filed a civil action against the BOP, Stover and Jordan "for Libel and Slander, False Accusation and

1

Defamation of Character. Plus, Abuse of Process." Compl. at 1. He demands a judgment against each defendant in the sum of $100,000. *Id*.

A search of BOP's computerized tort claim database revealed that, between January 30, 2014 and July 20, 2016, the plaintiff had submitted 23 claims, two of which pertained to the events alleged in the complaint. Defs.' Mem. of P. & A. in Support of Mot. to Dismiss ("Defs.' Mem."), Decl. of E. Odell ("Odell Decl.") ¶¶ 3-5. The first, dated July 15, 2014, "made allegations of abuse of process and false accusation against Defendant Susan Stover." Odell Decl. ¶ 6; *see id*., Attach. B. BOP denied the claim (TRT-NER-2015-01518) on February 6, 2015. *Id*. ¶ 7; *see id*., Attach. D. The second, dated March 19, 2015, alleged "abuse of process against Defendant Susan Stover." *Id*. ¶ 8; *see id*. Attach. D. BOP denied the claim (TRT-NER-02890) on September 15, 2015. *Id*. ¶ 9; *see id*., Attach. E.

## II. Discussion

The defendants removed the action on October 19, 2016. Accompanying their removal notice is a statement which certifies that "Susan Stover and Mr. A. Jordan were acting within the scope of their employment as employees of the United States at the time of the . . . incidents" alleged in the Complaint. Certification, ECF No. 1-2. The defendants filed a motion to dismiss or for summary judgment on December 19, 2016.

On that same date, the Court issued an Order advising the plaintiff of his obligations under the Federal Rules of Civil Procedure and the local civil rules of this Court. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Specifically, the Court notified the plaintiff that, if he failed to file an opposition or other response to the defendants' motion by January 20, 2017, the Court would treat the pending dispositive motion as conceded. *See* D.D.C. Local Civil Rule 7(b) (permitting court to "treat . . .

as conceded" a motion not met with a timely opposing memorandum of points and authorities). To date, the plaintiff has not filed an opposition to the pending motion, or requested more time to file an opposition, or advised the Court of any change of address.

Under these circumstances, the Court ordinarily would grant the defendants' motion as conceded. The United States Court of Appeals for the District of Columbia Circuit recently has raised concerns, however, about the application of Local Civil Rule 7(b) to grant an unopposed motion to dismiss. *See Cohen v. Bd. of Trs. of the Univ. of the District of Columbia*, 819 F.3d 476, 482 (D.C. Cir. 2016). In light of this ruling, the Court briefly addresses the merits of two of the defendants' arguments for dismissal.[1]

**A. The Plaintiff Failed to Exhaust Administrative Remedies**

The plaintiff's demand for monetary damages arises from acts taken by Stover and Jordan within the scope of their employment as employees of the United States. The Court treats the plaintiff's defamation and abuse of process claims under the Federal Tort Claims Act ("FTCA") against the United States directly. *See* 28 U.S.C. § 2679(b)(1), (d)(1).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress expressly has waived the defense of sovereign immunity by statute. *See id.* The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims. *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). Limitations under and exceptions to the FTCA doom the plaintiff's claims.

---

[1] There are many bases for dismissal of the complaint, and the Court focuses only on two of them. For purposes of this discussion, the Court presumes without deciding that Stover and Jordan have been served with process properly, that venue in this district is proper, that the plaintiff's claims are not barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and that the plaintiff states a viable claim for abuse of process.

After having presented his claim to the BOP, *see* 28 U.S.C. § 2675(a), the plaintiff was required to file his civil case within six months of the denial of each claim. *See Mittleman v. United States*, 104 F.3d 410, 413 (D.C. Cir. 1997) (citing 20 U.S.C. §§ 2401(b), 2675(a)). The BOP denied the plaintiff's first tort claim on February 6, 2015, and the second on September 15, 2015. The six-month period within which the plaintiff should have filed his civil complaint expired long before the plaintiff filed his complaint in the Superior Court on July 20, 2016.

Even if the plaintiff had filed his civil complaint timely, there is an independent basis for dismissal of his defamation claims: the FTCA that expressly excludes libel and slander claims from its coverage. 28 U.S.C. § 2680(h); *see Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371-72 (D.C. Cir. 1997) (finding that "both the United States and federal employees acting within the scope of their duties are immune from common law actions for libel and slander").

**B. The Plaintiff's Claims are Barred**

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Constr. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted). Under the doctrine of *res judicata* (claim preclusion), a final judgment on the merits in a prior suit involving the same parties bars subsequent suits based on the same cause of action. *See Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979). "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Apotex, Inc. v. FDA,* 393 F.3d 210, 217 (D.C. Cir. 2004) (quoting *Drake v. FAA,* 291 F.3d 59, 66 (D.C. Cir. 2002)). Parties are thus prevented from relitigating in a separate proceeding "any ground for relief which they already have had an opportunity to litigate[,] even if they chose not to exploit that opportunity," and regardless of the soundness of the earlier

4

judgment. *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg.Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously" (citation omitted)).

Without question, the defamation and abuse of process claims arise from the same nucleus of facts – the purported marriage proposal and subsequent disciplinary proceedings – as the plaintiff presented in a prior consolidated case in this Court. The Court ruled in the defendants' favor, *see Chandler v. Stover*, No. 15-CV-0012, 2016 WL 5675687 (D.D.C. Sept. 30, 2016), and the plaintiff did not appeal the decision. Here, the plaintiff alleges "no new facts," and instead "simply rais[ed] a new legal theory. This is precisely what is barred by *res judicata.*" *Apotex*, 393 F.3d at 217-18. The Court concludes that the plaintiff's claims are barred by the doctrine of *res judicata*. *See Peters v. District of Columbia*, 873 F. Supp. 2d 158, 176-77 (D.D.C. 2012) (applying *res judicata* even though "the causes of action here are not identical to the causes of action in the prior suit" because "[t]he factual allegations underpinning [plaintiff's] current claims mirror those in the dismissed action"); *Ramos v. Dominican Republic*, No. 12-0481, 2012 WL 1067562, at *1 (D.D.C. Mar. 22, 2012) (stating that plaintiff "cannot avoid application of the doctrine [of res judicata] by adding . . . a new party defendant or by presenting a new legal theory").

## III. Conclusion

The defendants' motion to dismiss will be granted. An Order is issued separately.

DATE: April 11, 2017 /s/ *Beryl A. Howell*

                                                         BERYL A. HOWELL
                                                         Chief Judge